UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10226-RWZ

UNITED STATES OF AMERICA

v.

MOUAD NESSASSI

MEMORANDUM & ORDER

July 20, 2021

ZOBEL, S.D.J.

Defendant, Mouad Nessassi, is serving a sentence of imprisonment of 60 months. He has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the conditions of his confinement as a result of the COVID-19 pandemic.

A motion for compassionate release under § 3582(c)(1)(A) may be granted upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) and determination that there are "extraordinary and compelling reasons" to warrant a sentence reduction. Defendant has the burden of showing that his circumstances justify the relief he seeks.

A.   Factors Under 18 U.S.C. § 3553(a)

Defendant pled guilty to count one, dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and count three, distributing 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The latter calls for a

mandatory minimum sentence of 60 months.  Given defendant's criminal history, the seriousness of these crimes, and a perceived need to protect the public, the court imposed a term of imprisonment of 60 months on each count to be served concurrently.

A reduction of sentence at this stage would undermine each stated purpose of defendant's term of imprisonment.  Moreover, defendant has served only half of the mandatory minimum required by statute on count three.  The § 3553(a) factors therefore counsel against release given defendant's criminal history, the dangerousness of the offense conduct, and the corresponding need to protect the public.

B.   Extraordinary and Compelling Reasons

FCI McDowell, where defendant is incarcerated, currently reports no positive cases of COVID-19 among inmates.  Defendant is fully vaccinated and reports no underlying health conditions, further reducing his risk of infection and serious illness.  Although he notes the poor conditions of the facility where he was previously confined, he has proffered no evidence that FCI McDowell is ill equipped to mitigate the transmission of or to treat the novel coronavirus.  "His complaint rather is focused on the reduced access to educational programs, recreation, and religious worship posed by the COVID-19 sanitary restrictions . . . .  While his concerns are understandable, they are not 'extraordinary and compelling.'"  United States v. Louis, No. 19-cr-10205-RGS, 2021 WL 822329, at *1 (D. Mass. Feb. 28, 2021).

The motions for compassionate release (Docket ## 51, 56) are DENIED.

|   July 21, 2021   | /s/ Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

2